## HOWES & AL. *vs.* SHED.

The *purchaser* of a log illegally taken from a river, without the consent of the owner, against the provisions of *Stat.* 1821, *ch.* 168, having at the same time full knowledge of the unlawful manner in which it was obtained, is liable to the penalty of that statute.

THIS was debt for a penalty incurred under *Stat.* 1821, *ch.* 168, *sec.* 1, for unlawfully converting to the defendant's own use a log of the plaintiffs, lying in *Penobscot* river.

At the trial before *Perham J.* in the Court below, the plaintiffs proved that one *Patten,* seeing the log floating down the river, conveyed it on shore, and sold it to the defendant, telling him at the same time by what means he became possessed of the log. The defendant thereupon converted it to his own use.

The Judge, upon this evidence, instructed the jury, that if they believed that the log was taken up and converted by *Patten,* to his own use, and then sold to *Shed,* the penalty did not attach to the purchaser, but to *Patten* ;—but if they believed, from the evidence, that *Shed* took up the log and converted it to his own use, he was liable to the plaintiffs in this action. And the jury finding for the defendant, the plaintiffs took exceptions to the instructions given them by the Judge.

*McGaw,* for the plaintiffs, argued that the defendant, having full knowledge of the illegal manner in which *Patten* obtained the log, was a participator in his guilt ; and as in torts all parties are severally guilty, the defendant was liable alone for the penalty. If not, the statute may always be evaded ; for worthless men may always be found, to follow the business of picking up logs floating to market, and selling them to responsible partners, who will always escape, under the character of purchasers.

*Brown,* for the defendant, adverted to the strict rule of construing penal statutes ; and said that only one penalty could be recovered for one offence ; *Rex v. Clark Cowp.* 612, and this was incurred by the first aggressor. Otherwise, as many penalties may be recovered as there are purchasers.

MELLEN, C. J. delivered the opinion of the Court.

This case comes before us on an exception to the opinion of the Court of Common Pleas as delivered to the jury. The opinion is expressed in general terms, but we must understand it as having reference to the, particular facts on which it was founded. The latter instruction to the jury seems not to be important; because there are no facts in the case shewing or tending to shew that *Shed* took up the log and converted it to his own use. The proof is that he did not take up the log; but that he purchased it of *Patten,* who did take it up, and disposed of it to *Shed.* The only question then is, whether the former instruction to the jury was correct. The case finds that *Patten,* when he sold it to the defendant *Shed,* informed him by what means he had obtained it. It seems he obtained it unlawfully, and without any legal authority disposed of it. Such a disposition of the log so obtained, rendered *Patten* liable to the penalty of the law, inasmuch as what he did, was done understandingly, and with the evident intention to make a profit out of the illegal appropriation of the property,—and the defendant, by purchasing the log under such circumstances, and with full knowledge of the illegal mode by which *Patten* obtained it; and his actually disposing of it afterwards, rendered him equally guilty with *Patten*; and the plaintiffs might have maintained an action against *Patten* and the defendant jointly upon the evidence before us, the whole appearing to have been one transaction. But as the action, though sounding in contract, is founded on a tort, and torts may be considered as joint or several, the present action is well brought against the defendant only. *Boutelle v. Nourse* 4 *Mass.* 431. *Frost & al. v. Rowse* 2 *Greenl.* 130. And the evidence maintains the action. The case would be otherwise if *Shed* had fairly purchased the log, without any knowledge of the illegal manner in which *Patten* obtained it; but this knowledge connects the defendant with the wrong of *Patten,* and subjects him to the consequences of such connection, and the penalties of the statute. We are of opinion that the first instruction of the Judge to the jury was incorrect. The exception is allowed—the judgment of the Court of Common Pleas must be set aside; and a trial may be had at the bar of this Court.